UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KATHLEEN EMERSON, et al., | No. 2:19-cv-1529 TLN DB PS |
|---|---|
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KRISTA MITCHELL, | |
| Defendant. | |

On August 9, 2019, defendant Krista Mitchell filed a notice of removal of this action, Yolo County Superior Court Case No. PT19-1466, from the Yolo County Superior Court, along with a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Defendant is proceeding in this action pro se. Accordingly, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, defendant previously removed Yolo County Superior Court Case No. PT18-696, to this court on August 13, 2018. See Emerson v. Mitchell, No. 2:18-cv-2200 TLN DB PS. In that action, the undersigned issued findings and recommendations recommending that the matter be summarily remanded to the Yolo County Superior Court due to a lack of subject matter jurisdiction. See Emerson v. Mitchell, No. 2:18-cv-2200 TLN DB PS, 2018 WL 4794199,

at *3 (E.D. Cal. Oct. 3, 2018). After defendant retained counsel, those findings and recommendation were vacated, and the assigned District Judge issued an order on March 28, 2019, remanding the matter "sua sponte to the Superior Court of California, Yolo County, due to lack of subject matter jurisdiction." Emerson v. Mitchell, No. 2:18-cv-2200 TLN DB, 2019 WL 1405600, at *1 (E.D. Cal. Mar. 28, 2019).

On May 7, 2019, defendant again attempted to remove Yolo County Superior Court Case No. PT18-696 to this court. On June 18, 2019, the undersigned issued findings and recommendations recommending the matter be remanded as defendant's second attempted removal was "in blatant disregard and violation of the assigned District Judge's prior order." Emerson v. Mitchell, No. 2:19-cv-0810 TLN DB PS, 2019 WL 2513751, at *1 (E.D. Cal. June 18, 2019). The assigned District Judge adopted those findings and recommendations in full on August 2, 2019.

This action concerns Yolo County Superior Court Case No. PT19-1466. (ECF No. 1 at 2.) Although the case numbers differ, defendant acknowledges that "[t]he instant action involves identical claims, identical causes of action, same parties, and stems from a common nucleus of operative fact in . . . Yolo Superior Court Case No. PT18-696." (Id. at 3.) The parties' dispute stems from defendant's belief that plaintiffs "stole" defendant's dog "after fostering . . . for approximately four months[.]" (Id. at 12.) The state court action concerns plaintiffs' request for a temporary restraining order as a result of defendant allegedly following plaintiffs. (Id. at 25.)

In this regard, as was true of defendant's two prior attempts at removal, defendant's notice of removal fails to identify a claim in plaintiffs' complaint that would provide this court with subject matter jurisdiction. As defendant has been repeatedly advised, the existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, a federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974).

////

////

In light of the assigned District Judge's prior orders, and the apparent lack of subject matter jurisdiction from the face of plaintiffs' pleading, the undersigned finds that this matter should be summarily remanded to the Yolo County Superior Court.

Defendant is also advised that the Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Code Civ. Pro. § 391(b)(3).

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting DeLong, 912 F.2d at 1147-48). Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" Ringgold-Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at 1148). Here, the undersigned finds that defendant's filing is frivolous and harassing.

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's August 9, 2019 motion to proceed in forma pauperis (ECF No. 2) be denied;

2. This action be remanded to the Yolo County Superior Court; and

3. The Clerk of the Court be ordered not to open another case removing Yolo County Superior Court Case No. PT19-1466.[1]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/emerson1529.ifp.f&rs

---

[1] Defendant is advised that should defendant file another notice of removal involving the parties' dispute—even one involving a different Yolo County Superior Court case number—defendant should be prepared to file a brief addressing why the undersigned should not issue monetary sanctions against defendant and/or find defendant vexatious.

4